IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY S. SARGENT,                                        No. 2:07-CV-02001-NRS

vs.

I.D. CLAY, WARDEN

## ORDER

The Petitioner's Federal Habeas Corpus petition now comes before the court for decision. The court dismisses Petitioner's habeas petition.

## BACKGROUND

Because the parties are familiar with the factual background of this case, the court highlights here only the events giving rise to the current federal action. Petitioner was convicted in 1978 for first degree murder committed during a burglary and robbery. Petitioner pleaded guilty in exchange for a plea bargain. He has been in prison ever since. He has been denied parole a number of times and now challenges the California Board of Parole's ("CBP") most recent denial of his parole in 2005, alleging a number of constitutional errors. Petitioner brought his claims to the California Superior Court, which denied his petition in a reasoned opinion. Petitioner then appealed that decision to both the California Court of Appeal and the California Supreme Court. The State concedes that Petitioner's

claims have all been properly exhausted. On February 20, 2007, Petitioner filed a writ of habeas corpus with this court. Having received the State's Answer and Petitioner's Traverse, the court now decides this matter.

## I. HABEAS PETITION

In his habeas petition, Petitioner alleged four grounds: (1) the CBP denied Petitioner parole on June 27, 2005 which violated the terms and conditions of Petitioner's plea bargain; (2) the CBP has failed to establish regulatory procedures for determining when to defer subsequent parole consideration hearings for more than a year; (3) the CBP's policy of using mechanical restraints on inmates at parole consideration hearings violates the Equal Protection Clause of the Fourteenth Amendment; and (4) the CBP's failure to set a term under its sentencing matrix at his 2005 hearing violated both the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment.[1] Each argument fails, and the court dismisses Petitioner's habeas petition without prejudice.

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based

---

[1] Petitioner raises a fifth habeas claim: the Superior Court's decision denying his habeas petition involved an unreasonable application of the facts to the law. This is merely a restatement of all his earlier claims, and therefore the court does not address it separately.

2

1  on an unreasonable determination of the facts in light of the evidence presented in
2  the State court proceeding." 28 U.S.C. § 2254(d).  "[A] federal habeas court may
3  not issue the writ simply because that court concludes in its independent judgment
4  that the relevant state-court decision applied clearly established federal law
5  erroneously or incorrectly." *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003)
6  (quoting *Williams v. Taylor*, 529 U.S. 362, 411 (2000)).  "Rather, that application
7  must be objectively unreasonable." *Id.* at 76.

8  Moreover, Habeas Rule 4 requires the Court to make a preliminary review of
9  each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it
10 plainly appears from the petition . . . that the petitioner is not entitled to relief."
11 Rule 4 of the Rules Governing 2254 Cases.

12 For purposes of AEDPA review, this Court looks to the last reasoned state
13 court decision as the basis for the state court judgment.  *Ylst v. Nunnemaker*, 501
14 U.S. 797, 803–04 (1991).  The Superior Court's decision constitutes the last
15 reasoned state court decision in this case, as both the Court of Appeal and the
16 California Supreme Court summarily dismissed Petitioner's habeas petition.
17 *Hunter v. Aispuro*, 982 F.2d 344, 347 (9th Cir. 1992).  Thus, the Court must
18 determine whether the Superior Court's denial of Petitioner's habeas petition
19 "resulted in a decision that was contrary to, or involved an unreasonable
20 application of, clearly established Federal law, as determined by the Supreme
21 Court of the United States;" or "resulted in a decision that was based on an
22 unreasonable determination of the facts in light of the evidence presented in the
23 State court proceeding." 28 U.S.C. § 2254(d).

24

25 A.  Whether the CBP's finding Petitioner unsuitable for parole warrants habeas relief
26

Petitioner argues that the CBP's failure to find him suitable for parole in 2005 violated the terms of his plea bargain agreement. This argument fails. As the Superior Court noted, "Petitioner has presented no evidence of a plea agreement that he would be found suitable for parole at any specific time." Petitioner's Petition Exh. A. Moreover, it appears that Petitioner's plea bargain has been honored. In declaring that he had no choice but to ensure that Petitioner spent the rest of his life in prison, the sentencing judge noted that, though Petitioner deserved the death penalty as a result of his crime, "[Petitioner] escaped this fate by an agreement with the District Attorney that the allegations of special circumstances would be stricken if the defendant pleaded guilty to first degree murder." Petitioner's Answer Exh. 4. In fact, the sentencing judge made special note to assure that "defendant will be confined in State prison for the rest of his life." *Id.*[2] Thus, the state court's decision denying habeas relief on this basis was neither "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). Nor was it an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2).[3]

---

[2] It does appear that at a parole suitability hearing in 1987, an officer made the statement that, "if [the CBP] hit you with every single thing we could hit you with, . . . you'd do 27 years, 27 years of which you have 13 and a half in." Exh. 7 Part B. This statement came in the context of discussing Petitioner's sentencing matrix. It does not say anything about the existence of a plea bargain, in which the state promised Petitioner anything less than a life sentence. Moreover, to the extent that Petitioner is arguing that the state violated its own matrix calculation, that is a matter of state law beyond the scope of the court's review. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

[3] Though he doesn't squarely challenge the CBP's failure to find him suitable for parole on the basis that the decision lacked some evidence of future dangerousness, the State has apparently construed his argument as alleging as much. *See* Answer pgs. 6–7. In the interest of being thorough, the court notes that, even if Petitioner had made such an argument, it fails. Under the Ninth Circuit's recent decision in *Pearson v. Muntz*, 606 F.3d 606, 611 (9th Cir. 2010) (mandate pending), we "review 'whether the California judicial decision approving the governor's [or parole board's] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the

B. Whether the CBP has failed to establish regulatory procedures for determining when to defer subsequent parole consideration hearings for more than a year

Relying on California Penal Code section 3041.5, Petitioner argues that the parole board failed to schedule regular hearings to determine suitability for parole. Whether the CBP did this or not is entirely a matter of state law outside the jurisdiction of a federal habeas court. *Estelle*, 502 U.S. at 67–68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). The court, therefore, denies relief on this basis.

C. Whether the CBP's policy of using mechanical restraints on inmates at parole consideration hearings violates the Equal Protection Clause of the Fourteenth Amendment

Petitioner challenges the CBP's use of mechanical restraints on inmates at the parole hearing, alleging specifically that this was a violation of the Equal Protection Clause of the Fourteenth Amendment. This argument fails for two reasons.

First, it is not clear on what basis Petitioner invokes the Equal Protection Clause. He has not alleged that he is in some sort of suspect class or that other similarly situated individuals are treated differently (indeed, he admits that, under the CBP's policy, all inmates are put in mechanical restraints).

Second, though there is a constitutional right to be free from shackles during the guilt phase of a trial, *Deck v. Missouri*, 544 U.S. 622 (2005), Petitioner does

---

facts in light of the evidence.'" (quoting *Hayward v. Marshall*, 603 F.3d 563 (9th Cir. 2010) (en banc)). There was certainly nothing unreasonable about the CBP's determination that Petitioner was "not suitable for parole and would pose an unreasonable risk of danger to society or a threat to public safety if released form [sic] prison." Petitioner's Answer Exh. 6. The CBP noted Petitioner's poor institutional behavior, his past criminal history and failed attempts to correct his criminality, his unstable social history, and his history of substance abuse. Therefore, there was clearly "some evidence" of future dangerousness to justify denying Petitioner parole.

5

not cite, nor can we find, any case law establishing a right to be free from such restraints during a parole hearing.

Because there is no clearly established Supreme Court precedent establishing a right to be free from restraints during a parole hearing and because there is certainly no right to be free from that under the Equal Protection Clause, the Superior Court's adjudication of this issue was not "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d).

D. Whether the CBP's failure to set a term under its sentencing matrix at his 2005 hearing violated either the Eighth Amendment or the Equal Protection Clause of the Fourteenth Amendment

Finally, Petitioner argues that the CBP's failure to set a term under its sentencing matrix resulted in his receiving a "maximum sentence which is a disproportionate sentence." Thus, Petitioner claims that this failure to set a term was a violation of his Eighth Amendment rights. This claim is entirely without merit. There is nothing disproportionate about sentencing a defendant to life in prison for murder. *See United States v. LaFleur*, 971 F.2d 200, 211 (9th Cir. 1991) ("[I]t is clear that a mandatory life sentence for murder does not constitute cruel and unusual punishment.").

Petitioner's argument that the CBP's failure to set a term violated the Equal Protection Clause is equally without merit. Indeed, Petitioner fails to make an argument as to how the CBP's actions even amounted to a violation of the Equal Protection Clause. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.") (citing *Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970)).

Thus, the state court's decision denying habeas relief on this basis was neither "contrary to, or involved an unreasonable application of, clearly established

Federal law." 28 U.S.C. § 2254(d)(1). Nor was it an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2).[4]

Accordingly, IT IS HEREBY ORDERED that:

Petitioner's habeas petition is dismissed on all grounds without prejudice.

DATED: **August 5, 2010**

*/s/ N. Randy Smith*

———————————————

Honorable N. Randy Smith

Ninth Circuit Court of Appeals Judge

---

[4] Petitioner also seems to suggest that CBP's actions violated the Double Jeopardy Clause, "the right to jury trial," and "due process of the laws." Again, because Petitioner makes only conclusory allegations as to these claims, the court denies habeas relief on this basis.
    Also, to the extent that Petitioner is arguing that the CBP erred in following proper California state procedure, that is a state law question that this federal habeas court is without jurisdiction to consider. *Estelle*, 502 U.S. at 67–68.