IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY S. SARGENT,                                   No. 2:07-CV-02001-NRS

vs.

I.D. CLAY, WARDEN

## ORDER

Before the Court is Petitioner's Motion for Certificate of Appealability ("COA"). For the reasons set forth below, the Motion is denied.

On August 6, 2010, the Court entered an order dismissing Petitioner's habeas petition. Judgement was entered on the same day. On September 1, 2010, Petitioner filed the instant Motion. However, Petitioner never filed a notice of appeal. The timely filing of a notice of appeal is a jurisdictional requirement. Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984). Here, the time limit for filing a notice of appeal following entry of judgment is thirty days. See Fed. R. App. P. 4(a). Because Petitioner failed to file a notice of appeal within thirty days of entry of judgment, the U.S. Court of Appeals for the Ninth Circuit no longer has jurisdiction over any appeal that may be contemplated by Petitioner.

The Ninth Circuit has held that the issuance of a certificate of probable cause cannot vest the court of appeals with jurisdiction if jurisdiction is not proper

1

1  in that court.  <u>Hayward v. Britt</u>, 572 F.2d 1324, 1325 (9th Cir. 1978).  The same
2  rationale applies to a certificate of appealability.  Because Petitioner did not file a
3  timely notice of appeal, a jurisdictional bar has been raised stripping the Ninth
4  Circuit of jurisdiction.  Granting a certificate of appealability cannot lift that bar.
5  Accordingly, the court declines to issue a certificate of appealability.  Petitioner's
6  Motion is DENIED.

8  IT IS SO ORDERED.
9  DATED:  **October 3, 2012**

_____

14  Honorable N. Randy Smith
15  Ninth Circuit Court of Appeals Judge